UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH HUMPHREY,

        Plaintiff,

v.

        Case No.:

CERTIFIED SITE CONTRACTORS, LLC

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, JOSEPH HUMPHREY, hereinafter referred to as "PLAINTIFF" pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendant, CERTIFIED SITE CONTRACTORS, LLC, hereinafter referred to as "DEFENDANT" alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Pasco County, Florida.

4. At all times material herein, Defendant was and is a Florida corporation, authorized and doing business in Pinellas County, Florida.

5. At all times material herein, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

6. The Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A).

## GENERAL ALLEGATIONS

7. At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

8. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

9. Plaintiff began his employment with Defendant on or about December 1, 2019, as a laborer.

10. Plaintiff was paid on an hourly basis.

11. Plaintiff regularly worked hours for which he was not compensated.

12. Plaintiff questioned his boss as to why his paycheck was not reflective of his actual hours worked. Plaintiff was always given some excuse.

13. One day Plaintiff and his peer discovered their boss doing illegal drugs.

14. Plaintiff expressed immediate upset and concern because he had a prior history and did not want to be associated with that conduct.

15. Plaintiff's boss confided in him that he had been in prison for drugs but that he had relapsed recently.

16. Plaintiff looked his boss up on the FDLE website and discovered that he indeed was a felon but not for a drug related charge – he was a convicted sex offender.

17. This immediately concerned Plaintiff and his peer because they were at the time working at a school around young children.

18. Plaintiff immediately objected to his boss being present at the work site.

19. In response his boss threatened him.

20. Shortly thereafter Plaintiff was terminated.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

21. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

22. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

23. Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

24. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

25. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

26. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

27. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

28. Defendant's violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

29. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA, and has incurred reasonable attorneys' fees and costs.

30. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

31. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES

32. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

33. Plaintiff earned wages and commissions over the course of his employment which are owed and payable by the Defendant employer pursuant to Florida Statute Chapter 448.08.

34. Defendant, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendants for back pay, unpaid wages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper.

## COUNT III
### (Florida's Private Whistleblower's Act)

35. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 20.

36. This is an action for damages pursuant to Florida's Private Whistleblower's Act, Section 448.102, Florida Statutes.

37. Pursuant to Section 448.102, Florida Statutes, an employer may not take any retaliatory personnel action against an employee because the employee has objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

38. In contravention of said statute, Defendant terminated Plaintiff in direct retaliation for objecting to and/or refusing to participate in a policy, practice or activity that was a violation of a law, rule or regulation, specifically Florida Statutes Chapter 466.

39. As a result of Defendant's unlawful acts as above-described, Plaintiff has and will continue to incur attorneys' fees, which are recoverable under Section 448.104, Florida Statutes.

40. As a result of the retaliatory actions of Defendant, Plaintiff has suffered and will to continue to suffer damages, including, but not limited to, the following:

    a. Compensation for lost wages, benefits, and other remuneration;

    b. Prejudgment interest;

    c. Emotional pain and suffering, humiliation, and any other compensatory damages allowable by law;

    d.    Reinstatement of the Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position;

    e.    Reinstatement of full fringe benefits and seniority rights;

    f.    An injunction restraining continued violation of the FWA;

    g.    Attorney's fees and costs;

    h.    Such other relief as the Court may deem just and proper.

WHEREFORE, Plaintiff demands judgment against Defendant and for back pay and benefits; interest on back pay; front pay and/or lost earning capacity; compensatory damages, including damages for emotional distress; costs and attorneys' fees; and for such other relief as the Court deems just and equitable.

Dated this 5th day of October 2020.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No.: 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff